UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO DAVIS,

    Petitioner,

v.

DUNCAN MACLAREN,

    Respondent.

Case No. 15-11996
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Lorenzo Davis filed a petition for a writ of habeas corpus challenging his conviction for first-degree murder. *See* 28 U.S.C. § 2254. He raises eight bases for relief, including numerous claims of ineffective assistance of trial and appellate counsel. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

**I.**

**A.**

Davis' conviction stems from the March 2007 stabbing of Alwin May. The Michigan Court of Appeals described the underlying facts, which are presumed to be correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

Davis and May lived in the same boarding house and got into an argument over the volume of the living-room television. *People v. Davis*, No. 302401, 2012 WL 1314138, at *1 (Mich. Ct. App. Apr. 17, 2012). In the heat of argument, May punched Davis in the face hard enough to break the skin. *Id*. May eventually laid back down in front of the television while Davis left and sat on the stairs. *Id*. Davis sat on the stairs for approximately 15 minutes before going into the kitchen,

grabbing a knife out of another resident's hand, and returning to the living room to stab May in the chest, killing him. *Id*.

Davis was evaluated and found incompetent to stand trial. (R. 8-13, PageID.606–610.) At the competency hearing, Davis' counsel requested, and the trial court ordered, that Davis be evaluated for his ability to understand the criminal nature of the actions he took. (*Id*.; R. 8-1, PageID.146.) Four days after the hearing, the court also entered an order for criminal responsibility by an independent examiner. (R. 8-19, PageID.1264–65; R. 8-19, PageID.1263.) At the final conference, Davis' counsel confirmed that he had a psychologist review the file to assess Davis' criminal responsibility. (R. 8-6, PageID.223–24.) Almost two months after the competency hearing, Davis' competency was deemed restored. (R. 8-5, PageID.218.)

Davis' trial was held on March 27 and 28, 2008. (R. 8-9, PageID.239–90.) The jury was instructed on first-degree and second-degree murder; and, after a short deliberation, convicted Davis of first-degree murder. (R. 8-10, PageID.488–92.) He was sentenced to life in prison. (R. 8-10, PageID.492; R. 8-11, PageID.505.)

**B.**

After his conviction, Davis filed a motion for a new trial, asserting that he received ineffective assistance of counsel at trial. (R. 8-13, PageID.612–29.) Specifically, he asserted that his trial counsel failed to request a jury instruction on voluntary manslaughter. (*Id.*) And Davis said his lawyer presented a defense—voluntary intoxication—that is not recognized under Michigan law, instead of presenting the defense of provocation. (*Id.*) Davis said his lawyer should have supported the provocation defense by establishing that Mays was under the influence of drugs at the time of his death. (*Id.*) He also filed a motion for remand for an evidentiary hearing pursuant to *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973). (R. 8-15, PageID.684–708.) The Michigan

Court of Appeals granted the motion to remand. (R. 8-13, PageID.632.) The trial court held a *Ginther* hearing (R. 8-12, PageID.509–51) and concluded that Davis was not entitled to a new trial (R. 8-13, PageID.630, 634–38).

Davis appealed the denial of a new trial. (R. 8-15, PageID.653–80.) The Michigan Court of Appeals affirmed the lower court's decision. (R. 8-13, PageID.601–04.) Davis then filed an application for leave to appeal in the Michigan Supreme Court, which the court denied. (R. 8-18, PageID.1254.)

The following year, Davis filed a motion for relief from judgment. (R. 8-13, PageID.555–638.) He raised the following seven claims:

   i. Trial counsel was ineffective for failing to pursue a temporary insanity defense;

   ii. Trial counsel was ineffective for failing to pursue a post-traumatic stress disorder (PTSD) defense;

   iii. Appellate counsel was ineffective for failing to challenge trial counsel's assistance based upon his failure to raise temporary insanity and PTSD defenses;

   iv. The court would err by making a decision without first holding an evidentiary hearing on the above issues;

   v. The trial court ignored Davis' repeated remarks that he did not trust his counsel, thus violating his rights;

   vi. The trial court failed to follow the Michigan Court of Appeals' Order on remand and erred in finding that Davis' trial counsel's performance did not amount to ineffective assistance of counsel; and

   vii. The cumulative effect of the errors amount to a due process violation.

The trial court denied the motion for relief from judgment. (R. 8-14, PageID.639–41.) Davis sought leave to appeal the denial in the Michigan Court of Appeals, which was denied. (R. 8-17, PageID.1005.) The Michigan Supreme Court likewise denied Davis' application for leave to appeal. (R. 8-18, PageID.1153.)

Davis then filed a petition for habeas relief in federal court. (R. 1.) His petition raises eight grounds for relief:

i. Trial counsel was ineffective for presenting an unrecognized legal defense, failing to request an instruction on voluntary manslaughter, and failing to present the defense of provocation;

ii. Trial counsel was ineffective for failing to pursue a temporary insanity defense;

iii. Trial counsel was ineffective for failing to present a defense of PTSD;

iv. Appellate counsel was ineffective for failing to challenge trial counsel's assistance based upon his failure to raise temporary insanity and PTSD defenses;

v. Trial court erred in not holding an additional evidentiary hearing on additional claims of ineffective assistance;

vi. Trial court erred in refusing to consider Davis' alleged conflicts with his appointed counsel;

vii. Trial court failed to follow the Michigan Court of Appeals' Order on remand and erred in finding that Davis' trial counsel's performance did not amount to ineffective assistance of counsel;

viii. The cumulative effect of the errors amount to a due process violation.

For the reasons that follow, the Court will deny Davis' petition.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) (and 28 U.S.C. § 2254 in particular) "confirm[s] that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). If a claim was "adjudicated on the merits in State court proceedings," this Court cannot grant habeas corpus relief on the basis of that claim "unless the adjudication of the claim . . . resulted in a decision" (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). But if the state courts did not adjudicate a claim "on the merits," this "'AEDPA deference' does not apply and [this Court] will review the claim *de novo*." *Bies v. Sheldon*, 775 F.3d 386, 395 (6th Cir. 2014).

A state-court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

A state-court decision is an unreasonable application of clearly established Supreme Court law when it "applies [Supreme Court] precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted); *see Mitchell v. Mason*, 325 F.3d 732, 738 (6th Cir. 2003) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000))). This is a "difficult to meet . . . and highly deferential standard . . . [that] demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 563 U.S. at 181 (internal citations and quotation marks omitted).

### III.

### A.

The Court will begin with Davis' first claim for habeas relief, which is really several claims in one: trial counsel's failure to request a jury instruction on voluntary manslaughter, and trial counsel's decision to present a legally-unrecognized defense while failing to present a defense of

5

provocation and establishing that Mays was under the influence of drugs at the time of his death. (R. 1, PageID.2–3.)

The Court must first determine whether this claim was adjudicated on the merits, thus warranting AEDPA deference. *See* 28 U.S.C. § 2254(d). The Michigan Supreme Court order denied leave for appeal "because [the court is] not persuaded that the questions presented should be reviewed by this Court." This has not been found to be an adjudication on the merits. *See Hynes v. Birkett*, 526 F. App'x 515, 519 (6th Cir. 2013). But the Michigan Court of Appeals did adjudicate the claim on the merits and did so in a reasoned opinion (on direct appeal). The Court will therefore apply AEDPA deference to this first issue. *See* 28 U.S.C. § 2254(d).

Success on an ineffective-assistance-of-counsel claim requires Davis to point to evidence of his trial counsel's deficient performance and then explain how that deficient performance prejudiced his legal defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient where it falls below an objectively reasonable standard. *Id*. at 688. Since § 2254(d) applies to these claims, this already deferential deficient-performance test becomes "doubly so." *See Harrington*, 562 U.S. at 101. The prejudice element requires the defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Michigan Court of Appeals agreed with the trial court's reasoning that, even if Davis' counsel's representation "slightly fell beneath the reasonableness standard" because the trial court would have given a voluntary manslaughter instruction if requested, Davis suffered no prejudice as a result. *People v. Davis*, No. 302401, 2012 WL 1314138, at *1 (Mich. Ct. App. April 17, 2012). In support of its conclusion, the Michigan Court of Appeals cited *People v. Raper*, 563 N.W.2d

6

709, 713 (Mich. 1997), for the proposition that "'a jury's rejection of second-degree murder in favor of first-degree murder reflect[s] an unwillingness to convict on a lesser included offense such as manslaughter,' and therefore counsel's failure to request a manslaughter instruction did not cause prejudice." *Id*.

The Court cannot find that the Michigan Court of Appeals unreasonably applied *Strickland* or other Supreme Court precedent. As the Michigan Court of Appeals explained, a first-degree murder conviction requires a finding beyond a reasonable doubt that the defendant acted deliberately and with premeditation. *See* Mich. Comp. Laws § 750.316(1)(a). The jury here was also instructed on second-degree murder, which does not require premeditation, *People v. Goecke*, 579 N.W.2d 868, 878 (Mich. 1998), and yet, found Davis guilty of first-degree murder. In contrast, voluntary manslaughter requires a defendant to kill in the heat of passion. *See People v. Pouncey*, 471 N.W.2d 346, 349–50 (Mich. 1991). The time between the provocation that caused the response and the killing cannot be long enough to allow "a reasonable person" to "control his passions." *Id*. And the jury's verdict that Davis acted "deliberately and with premeditation" means there is not a reasonable probability that they would have found Davis killed May in the heat of passion. *See People v. Younger*, 158 N.W.2d 493, 495 (Mich. 1968) ("Murder in the first degree requires proof of premeditation, deliberation and malice. Manslaughter, on the other hand, is a homicide … which is the result of such provocation that an ordinary man would kill in the heat of passion before a reasonable time had elapsed for the passions to subside and reason to resume its control"). The Court cannot find that, had the jury also been instructed on voluntary manslaughter, there is a reasonable probability that they would have convicted Davis of that instead. The state court did not unreasonably apply *Strickland* in so finding.

The Court of Appeals also rejected Davis' claim that counsel was ineffective for presenting the defense of voluntary intoxication and not a defense of provocation, and failing to establish that Mays was under the influence of drugs at the time of his death. *Davis*, 2012 WL 1314138 at *3. As explained by the Court of Appeals, Davis' counsel recognized that voluntary intoxication is not a defense under Michigan law to first or second degree murder. He explained at the *Ginther* hearing that the defense was "all [he] had," describing it as a "[H]ail Mary type defense," and "might lead the jury to conclude that the defendant did not have the requisite state of mind for first degree murder despite the instruction." *Id*.

The appellate court found that counsel's failure to question the Assistant Wayne County Medical Examiner regarding the presence of drugs in May's body "was a matter of reasonable trial strategy." *Davis*, 2012 WL 1314138 at *3. Davis presents no argument for why this decision involved an unreasonable application of *Strickland*.

The appellate court, though, did not address whether counsel's decision to present a defense of voluntary intoxication and not a defense of provocation was deficient performance. But even assuming it was, the court found no prejudice. This is entitled to AEDPA deference. *See Holland v. Rivard*, 800 F.3d 224, 237 (6th Cir. 2015); *see also Phillips v. Bradshaw*, 607 F.3d 199, 216 (6th Cir. 2010). "Given the overwhelming evidence in the case, the nature of the provocation, and the time between the provocation and the killing," the state court did not believe that a provocation defense and a request for a manslaughter instruction would have led to a different outcome. *Davis*, 2012 WL 1314138 at *3. This was not an unreasonable application of *Strickland*.

As discussed above, after being hit in the face, Davis went and sat on the steps for 15 minutes. The jury determined that Davis had acted deliberately and with premeditation. Davis cannot show a "reasonable probability" that, had his counsel pursued a provocation defense, and

even established that May was under the influence of drugs at the time, the jury would have instead interpreted the manner of the altercation and Davis' cooling off period as consistent with an act of passion. *See Strickland*, 466 U.S. at 694. Accordingly, Davis is not entitled to relief on this claim.

**B.**

The Court next addresses claims two through eight that were raised on Davis' collateral appeal.

**1.**

The State first asserts that claims six and seven were procedurally defaulted. (R. 7, PageID.83.)

"When a state prisoner procedurally defaults a claim for habeas relief, meaning the prisoner lost the claim in state court by failing to raise it at the correct time, [this Court] defer[s] to the state's procedural ruling and refuse[s] to consider the claim on the merits." *Peoples v. Lafler*, 734 F.3d 503, 510 (6th Cir. 2013) (citing *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977)). A claim is procedurally defaulted where:

> (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010).

To enforce a procedural bar, an order must "unambiguously" rely on a procedural rule. *See Peoples*, 734 F.3d at 512 (citing *Guilmette*, 624 F.3d at 291). The last explained state court judgment should be used to make this determination. *Ylst v. Nunnemaker,* 501 U.S. 797, 803–05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

9

The Michigan trial court provided a reasoned decision on Davis' motion for relief from judgment (R. 8-14, PageID.639-41), while the Michigan Court of Appeals and Michigan Supreme Court did not (R. 8-17, PageID.1005; R. 8-18, PageID.1153). So the Court will review the trial court opinion. *See Wilson v. Sellers*, 138 S. Ct.1188, 1193–94 (2018). In that opinion, the court found that Davis' fifth, sixth, seventh and eighth claims were procedurally barred pursuant to Michigan Court Rule 6.508(D)(3). (R. 8-14, PageID.641.) Again, in response to Davis' habeas petition, the State argues that claims six and seven are procedurally defaulted.[1] (R. 7, PageID.83.)

The Court agrees as to claim six. The state court decision is clear that it found this claim barred pursuant to Michigan Court Rule 6.508(D)(3). And reliance upon Michigan Court Rule 6.508(D)(3) is an "independent and adequate state ground sufficient for procedural default." *See, e.g.*, *McFarland v. Yukins*, 356 F.3d 688, 698 (6th Cir. 2004).

The Court must then determine whether Davis can show cause and prejudice to excuse the default of claim six. *See Guilmette*, 624 F.3d at 290. Davis simply argues that this issue was not raised by his appellate counsel. (R. 1, PageID.28.) "[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). But "ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim" that must first be raised and exhausted in state court. *Id.* at 451-52. But Davis never raised a claim in state court that his appellate counsel was constitutionally ineffective by failing to raise this claim on direct appeal. So he cannot show cause.

---

[1] The State chose not to raise procedural default for claims five and eight. While the Court may raise the issue *sua sponte* even when waived by the State, *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), the Court chooses not to do so here because Davis did not have the opportunity to respond to a procedural default challenge to these claims in the briefing and because the claims are clearly meritless. *See Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005).

Nor does the narrow exception for "miscarriage of justice" apply here. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). That would require Davis to "demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614 (1998). And to show innocence, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Davis has not come forward with any new evidence to establish that no reasonable jury would have convicted him of murdering Mays. This extraordinary exception does not apply on this record, and claim six will be deemed procedurally defaulted.

While not entirely clear and likely a typographical error, it appears that claim seven was denied by the state court pursuant to both Michigan Court Rule 6.508(D)(3) and (D)(2). (R. 8-14, PageID. 640–641.) Therefore, the basis for denying this claim was ambiguous. *See Peoples*, 734 F.3d at 510–12 (finding ambiguous a state court order that in one paragraph invokes Michigan Court Rule 6.508(D)(2) to deny a claim, but in a later paragraph invokes Michigan Court Rule 6.508(D)(3) to deny the same claim). "Rule 6.508(D)(3) is the state procedural default rule requiring petitioners to show cause and prejudice before raising a claim that could have been raised on direct appeal. Rule 6.508(D)(2) is a 'relitigation' rule under which the state court will not grant relief if the petitioner alleges claims that were decided against the petitioner on a prior appeal." *Id*. Rule 6.508(D)(2) does not bar habeas review of Davis' claim on the merits. *See Hicks v. Straub*, 377 F.3d 538, 558 n. 17 (6th Cir. 2004). Since both 6.508(D)(3) and (D)(2) were cited by the trial court to dismiss Davis' seventh claim, this Court cannot find that the claim was procedurally defaulted. *See Peoples*, 734 F.3d at 512.

Since Davis did not raise this claim on his direct appeal, there is no underlying state court opinion on the merits to review. So the Court will review the claim *de novo*. *See Bies*, 775 F.3d at 395.

Davis' seventh claim for relief is that the trial court failed to follow the Michigan Court of Appeals' order on remand and erred in finding that his trial counsel's performance did not amount to ineffective assistance of counsel. Davis contends that the Court of Appeals required the trial court to make specific findings as to: 1) whether counsel's choice to present a defense of intoxication rendered him ineffective; 2) whether counsel was ineffective for failing to request an instruction of voluntary manslaughter; 3) whether counsel's failure to question or introduce the positive results of May's drug test impacted the case; 4) whether counsel was biased against Davis such that he should have been replaced; and 5) whether counsel committed a series of actions or omissions that violated Davis' right to effective assistance of counsel. (R. 1, PageID.25.) But the remand order required no such thing. (R. 8-13, PageID.632.) The remainder of Davis' argument seems to be merely a disagreement with the trial court's *Strickland* analysis, which is encompassed by Davis' first claim.

**2.**

Because Davis' fifth and eighth claims were procedurally defaulted by the state court, they were not adjudicated on the merits. As the State is not relying on procedural default, the Court will review these claims *de novo*. *See Bies*, 775 F.3d at 395.

Davis' fifth claim is that the trial court improperly denied him an evidentiary hearing on his various ineffective-assistance-of-counsel claims in his motion for relief from judgment. But "the Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citing

*Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir.1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir.2002)).

Davis' eighth claim is that the cumulative effect of the errors he raised amounted to a due process violation. "The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002), *amended on other grounds*, 307 F.3d 459 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). And "post–AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief." *Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010) (quoting *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)).

Thus, habeas relief is not warranted on Davis' fifth and eighth claims.

### 3.

In claims two and three, Davis faults his trial counsel for falling to investigate and present defenses based on temporary insanity and PTSD.

The Michigan trial court adjudicated these claims on the merits. The court found that these claims failed as "the record reveals that upon a thorough review of the proceedings, trial counsel's choice of available defenses was a matter of trial strategy." (R. 8-14, PageID.640.)

Since § 2254(d) applies to these claims, and the state court found that trial counsel did not act deficiently, the already deferential deficient-performance test becomes "doubly so." *See Harrington*, 562 U.S. at 101. According to *Strickland*,

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly

13

> assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Id*. at 690–91. "In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Wiggins v. Smith*, 539 U.S. 510, 527 (2003).

Here, Davis cannot show counsel failed to reasonably investigate his mental health, both for temporary insanity and PTSD. At the second competency hearing, the court made note of defense counsel's request to "have the defendant evaluated for criminal responsibility," and ordered that such a hearing should occur within sixty days. (R. 8-5.) Indeed, the docket suggests that the court ordered two separate reports on Davis' criminal responsibility. (R. 8-1, PageID.146; R. 8-19, PageID.1263, 1264–65.) Thus, it appears that Davis' counsel did adequately investigate and explore a possible psychological defense.

Nor has Davis explained why a reasonable attorney would have honed in on a possible PTSD diagnosis. Davis has never been diagnosed with PTSD and says only that he thinks he might have it based on childhood trauma. Without any reason to believe that his attorney should have gone further in his investigation into Davis' mental health, and knowing that the court ordered at least one psychological evaluation of Davis' criminal responsibility, the Court cannot find that his counsel conducted an unreasonable investigation into Davis' mental state at the time of the crime.

Davis also argues that his counsel had "no justifiable reason for failing to present this potentially meritorious insanity defense." (R. 1, PageID.11.) Davis alleges that a "mental health professional from the forensic center opined that [he] was criminally insane at the time he committed the offense." (*Id*.) In his brief, Davis cites to the transcript of his competency hearing as support for this statement. (R. 8-13, PageID.606–10.)

As the state court reasonably found, Davis cannot overcome the presumption that his attorney's decision was strategic. *Strickland*, 466 U.S. at 689 (internal quotations omitted). For one, the transcript does not support this claim. True, at the competency hearing, it was noted that a report from the Forensic Center indicated Davis was not competent to stand trial. (R. 8-13, PageID.608.) But the legal standards for competency and insanity are different. *Compare* M.C.L. § 330.2020, *with* M.C.L. § 768.21a. And Davis presented no evidence that would suggest that he was temporarily insane at the time of the offense. His competency was also ultimately restored. (R. 8-5, PageID.218.) So the state court did not unreasonably find that trial counsel's decisions were reasonable.

Davis' second and third claims fail.

**4.**

This leaves Davis' fourth claim for habeas corpus relief, that he received ineffective assistance of appellate counsel because she failed to investigate the temporary insanity defense and PTSD defense and present these defenses at the evidentiary hearing.

Again, since § 2254(d) applies to this claim (R. 8-14, PageID.639–41), the Court must apply the double-deference standard. *See Harrington*, 562 U.S. at 101.

Davis cannot surmount this high bar. The state court found that Davis failed to overcome the presumption that appellate counsel's decisions constituted sound strategy, especially given that appellate counsel does not need to raise every conceivable issue on appeal and can exercise her reasonable professional judgment in selecting issues that are more likely to prevail. (R. 8-14, PageID.640–41 (citing *People v. Reed*, 535 N.W.2d 496 (Mich. Ct. App. 1995) relying on *Jones v. Barnes*, 463 U.S. 745 (1983)).) The trial court correctly applied the Supreme Court holding in *Barnes* that appellate counsel can select among claims and defenses to maximize the likelihood of

15

success on appeal. 463 U.S. at 754. Here, appellate counsel decided that the better claims to raise on appeal were trial counsel's raising a non-recognized legal defense, failing to request an instruction on voluntary manslaughter, and failing to raise the defense of provocation. The Court cannot deem this prioritization deficient or find that the Michigan Court of Appeals was unreasonable to think otherwise.

## IV.

For the reasons stated above, the petition for a writ of habeas corpus and a certificate of appealability are DENIED and the matter is DISMISSED. Davis has not shown that reasonable jurists would debate whether the petition should have been resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

SO ORDERED.

Dated: September 12, 2018  s/Laurie J. Michelson
U. S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 12, 2018.
+
s/Teresa McGovern
Case Manager Generalist